DS/1716
**SPEVACK & CANNAN, P.A.**
525 Green Street
Iselin, NJ  08830
Phone No: (732) 636-3030
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

N210944/ccl

| | |
|---|---|
| RAHAT TARIQ, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) |
| HARTSFIELD-JACKSON ATLANTA INTERNATIONAL AIRPORT; DEPARTMENT OF AVIATION OF THE CITY OF ATLANTA; AIRTRAN AIRLINES, INC.; "ABC CORPS." (one through seven, fictitious names, true names being unknown); and "JOHN DOES" (one through seven, fictitious names, true names being unknown), | ) ) ) ) COMPLAINT AND JURY DEMAND ) ) ) ) ) |
| Defendants | ) ) |

## JURISDICTION

The United States District Court has original jurisdiction founded upon the existence of complete diversity in the subject matter, in accordance with 28 U.S.C. § 1332.  Plaintiff, Rahat Tariq, has, at all times pertinent to this Complaint, been a resident of the State of New Jersey.  The defendants, Hartsfield-Jackson Atlanta International Airport and the Department of Aviation of the City of Atlanta, have, at all times pertinent to this Complaint, been residents of the State of Georgia. More specifically, defendants Hartsfield-Jackson Atlanta International Airport and the Department of Aviation of the City of Atlanta currently reside at 6000 North Terminal Pkwy., City of Atlanta, State of Georgia.  Defendant AirTran Airlines, Inc. is incorporated in the State of Delaware, with headquarters in the State of Florida. The amount in controversy is in excess of $75,000.00.

## COMPLAINT

The plaintiff, Rahat Tariq, residing at 1184 Green Street, Township of Woodbridge, County of Middlesex, State of New Jersey, by way of Complaint against the defendants herein, says:

## INFORMATION COMMON TO ALL COUNTS

1. Plaintiff, Rahat Tariq, has been a resident of the State of New Jersey at all times relevant to this complaint.

2. Upon information and belief, defendant Hartsfield-Jackson Atlanta International Airport has is the owned and operated by defendant Department of Aviation of the City of Atlanta.

3. Defendant AirTran Airlines, Inc. is an operator of a commercial airline with a central hub located at the Hartsfield-Jackson Atlanta International Airport.

4. Defendants "ABC Corps." are management companies, leaseholders, tenants, and operators of commercial airlines charged with the maintenance, repair, and supervision of Hartsfield-Jackson Atlanta International Airport.

5. Defendants "John Does" are owners, operators, employees, agents, contractors and individuals charged by defendants, Hartsfield-Jackson Atlanta International Airport, Department of Aviation of the City of Atlanta, and "ABC Corps." with the maintenance, repair, and supervision of Hartsfield-Jackson Atlanta International Airport.

## FIRST COUNT

6. On or about February 7, 2004, the defendants, their agents and/or servants did own, control, lease, repair, maintain, and supervise a certain property located at the Hartsfield-Jackson Atlanta International Airport, Atlanta, Georgia.

7. At the time and place aforesaid, the plaintiff Rahat Tariq was lawfully upon said premises as a business invitee.

8. The defendants, their servants and/or agents did negligently and carelessly perform the acts and conduct described in paragraph one, causing plaintiff to slip, trip, and fall.

9. As a direct and proximate result of the negligent and careless conduct of defendants, plaintiff was caused to fall and sustained diverse, painful and permanent injuries; she was unable and will in the future be unable to pursue her usual duties, occupation and responsibilities; and as a further result thereof, hospital treatment, medical treatment and medicines were necessary for the care and treatment of the plaintiff Rahat Tariq.

**WHEREFORE**, the plaintiff, Rahat Tariq, demands judgment against the defendants, individually, jointly, severally and in the alternative for money damages besides costs of suit of the First Count.

### JURY DEMAND

**PLEASE TAKE NOTICE**, that the plaintiff herein demands a trial by jury of the within cause of action on all issues.

### DESIGNATION OF TRIAL COUNSEL

David R. Spevack, Esq. is hereby designated as trial counsel.

### TIME UNIT RULE

Pursuant to Rule 1:7-1(b), plaintiff will utilize the time unit argument, and this shall serve as notice to the defendant of that argument. As required by Rule 1:7-1, the trial judge shall instruct the jury with respect to this argument, and the suggested instruction is as follows:

"Plaintiff has utilized an argument in the summation that you can consider damages on a time unit basis. This is permissible argument but does not constitute evidence."

### CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the within matter in controversy is not subject of any other action or arbitration proceedings nor is any contemplated.

SPEVACK & CANNAN, P.A.
Attorney for Plaintiff

/s/ DS1716

DAVID R. SPEVACK

Dated: January 30, 2006
DRS/ccl