RAVEN & KOLBE, LLP
George S. Kolbe, Esq. (GK-3536)
Attorneys for Defendants
Hartsfield-Jackson International Airport and
Department of Aviation for the City of Atlanta
110 East 59th Street, 29th Floor
New York, New York 10022
(212) 759-7466

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHAT TARIQ,<br><br>         Plaintiff,<br><br>vs.<br><br>HARTSFIELD-JACKSON<br>ATLANTA INTERNATIONAL<br>AIRPORT; DEPARTMENT OF<br>AVIATION OF THE CITY OF<br>ATLANTA; AIRTRAN AIRLINES,<br>INC.; "ABC CORPS." (one through<br>Seven, fictitious names, true names<br>Being unknown); and "JOHN<br>DOES" (one through seven,<br>Fictitious names, true names being<br>Unknown),<br><br>         Defendants. | CIVIL ACTION NO:<br>06-cv-0450 (FSH)<br><br>ANSWER |

Defendants, Hartsfield-Jackson International Airport ("Hartsfield-Jackson") and

Department of Aviation for the City of Atlanta ("Department of Aviation"), hereinafter

collectively referred to as "defendants", by way of their attorneys, RAVEN & KOLBE,

LLP, hereby state their Answer and Defenses as follows:

## JURISDICTION

These defendants deny that Hartsfield-Jackson and the Department of Aviation

are residents of the State of Georgia and further deny all jurisdictional allegations.

## COMPLAINT

For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in plaintiff's paragraph entitled "Complaint". Therefore, those allegations stand denied.

## INFORMATION COMMON TO ALL COUNTS

1.    For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in Paragraph No. 1 of this Complaint. Therefore, those allegations stand denied.

2.    Defendants deny the allegations contained in Paragraph No. 2 of plaintiff's Complaint.

3.    For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in Paragraph No. 3 of plaintiff's Complaint. Therefore, those allegations stand denied.

4.    For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in Paragraph No. 4 of plaintiff's Complaint. Therefore, those allegations stand denied.

5.    For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in Paragraph No. 5 of the Complaint. Therefore, those allegations stand denied.

## FIRST COUNT

6.    Defendants deny the allegations contained in Paragraph No. 6 of plaintiff's Complaint.

2

7.    For want of sufficient information upon which to form a belief at this time, defendants can neither admit nor deny the allegations contained in Paragraph No. 7 of the Complaint. Therefore, those allegations stand denied.

8.    Defendants deny the allegations contained in Paragraph No. 8 of plaintiff's Complaint.

9.    Defendants deny the allegations contained in Paragraph No. 9 of plaintiff's Complaint.

WHEREFORE, defendants demand that plaintiff's Complaint be dismissed against them in its entirety, and that all costs be cast upon plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against these defendants.

### SECOND AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over these defendants.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper in this court for this action.

### FOURTH AFFIRMATIVE DEFENSE

There has been insufficiency of process and insufficiency of service of process as to these defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants Hartsfield-Jackson International Airport and Department of Aviation of The City of Atlanta are not legally cognizable entities.

3

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has not served a proper Ante-Litem notice. Therefore, plaintiff's Complaint should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all injuries and damages of which plaintiff complain were caused by the separate, independent and/or negligent actions or inactions of third parties over whom answering defendants exercised no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or, in the alternative, the damages, if any, that plaintiff may otherwise recover in this action are limited in accordance with the provisions of the Comparative Negligence Act, N.J.S.A. § 2A:15-5.1, et seq. or other applicable comparative negligence statutes.

## NINTH AFFIRMATIVE DEFENSE

Answering defendants and their agents and employees acted reasonably and with due care at all times relevant to the events and circumstances from which plaintiff's claims allegedly arise.

## TENTH AFFIRMATIVE DEFENSE

Negligent acts and/or omissions of individuals and/or entities other than answering defendants constituted intervening, superseding acts of negligence which caused plaintiff's alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering defendants violated no duty, if any, owed to plaintiff.

4

## TWELFTH AFFIRMATIVE DEFENSE

No act or omission on the part of answering defendants was the proximate, legal, direct or substantial cause of, or contributing factor to, plaintiff's alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all injuries and damages of which plaintiff complain were caused by the separate, independent and/or negligent actions or inactions of plaintiff over whom answering defendants exercised no control and with whom answering defendants had no relationship.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff was guilty of contributory or comparative negligence in failing to exercise due and proper care under the existing circumstances and conditions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Inasmuch as the liability of answering defendants, if any, and the right of plaintiff to recover in this litigation, if any, can only be determined after the percentages of fault of all parties to the incident complained of are determined, whether or not parties to this litigation, answering defendants demand an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award or judgment rendered in favor of plaintiff must be reduced by the amount of any benefits plaintiff has received, or are entitled to receive, from any source, pursuant to N.J.S.A. 2A:15-97.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any damages, if any, suffered by plaintiff are the result of unavoidable circumstances, and causes beyond the control or fault of answering defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

That the cause(s) of action herein may not be maintained because it is barred by the applicable statute of limitations prescribed by the laws of the State of New Jersey.

**WHEREFORE**, answering defendants request that Plaintiff's Complaint against them be dismissed with costs and such further relief as this Court may deem just and proper.

Dated: New York, New York
      March 15, 2006

                                RAVEN & KOLBE, LLP
                                Attorneys for Defendants
                                Hartsfield-Jackson International Airport
                                and Department of Aviation for the City
                                of Atlanta

By:                                  

                                GEORGE S. KOLBE (GK-3536)
                                110 East 59TH Street, 29TH Floor
                                New York, New York 10022
                                (212) 759-7466

To:

SPEVAK & CANNAN, P.A.
Attorneys for Plaintiffs
525 Green Street
Iselin, New Jersey 08830
(732) 636-3030

## CERTIFICATION OF SERVICE

I, Nelida M. Lamboy of full age hereby certified:

1.      I am a legal secretary at the law firm of RAVEN & KOLBE, LLP, attorneys for Defendants, Hartsdale-Jackson International Airport and Department of Aviation for the City of Atlanta, in this matter.

2.      On this date, March 15, 2006 I did file with the Clerk of the Court Electronically and serve upon the following counsel, via First Class Mail, a true copy of the Defendants' Answer.

SPEVAK & CANNAN, P.A.
Attorneys for Plaintiff
525 Green Street
Iselin, New Jersey 08830
(732) 636-3030

I certify the foregoing statements made by me are true. I understand if any of the foregoing statements are willfully false, I am subject to punishment.

Nelida M. Lamboy

Dated:  March 15, 2006