**REED SMITH LLP**
*Formed in the State of Delaware*
Patrick E. Bradley, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08543-7839
(609) 987-0050
Attorneys for Defendant AirTran Airways, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHAT TARIQ, | Civil Action No. 06-cv-00450 |
| Plaintiff, | |
| v. | Honorable Judge Faith S. Hochberg, U.S.D.J. |
| HARTSFIELD-JACKSON ATLANTA INTERNATIONAL AIRPORT; DEPARTMENT OF AVIATION OF THE CITY OF ATLANTA; AIRTRAN AIRLINES, INC.; "ABC CORPS." (one through seven; fictitious names, true names being unknown); and "JOHN DOES" (one through seven; fictitious names, true names being unknown), | Honorable Patty Shwartz, U.S.M.J. **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |
| Defendants. | |

Defendant AirTran Airways, Inc., improperly named as AirTran Airlines, Inc., ("AirTran Airways" or "Defendant") with its principal place of business located at 9955 AirTran Boulevard, Orlando, Florida 32827, responds to Plaintiff's complaint (hereinafter the "Complaint") as follows:

**AS TO JURISDICTION**

AirTran Airways denies the jurisdictional allegations set forth in the Complaint, except admits that AirTran Airways is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located in the State of Florida.

-2-

## AS TO COMPLAINT

AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "Complaint", and therefore such allegations are denied.

## AS TO INFORMATION COMMON TO ALL COUNTS

1. AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore such allegations are denied.

2. AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore such allegations are denied.

3. AirTran Airways denies the allegations contained in paragraph 3 of the Complaint, except admits that AirTran Airways is a commercial airline which conducts business at the Hartsfield-Jackson Atlanta International Airport.

4. To the extent that the allegations contained in paragraph 4 of the Complaint are directed to AirTran Airways, said allegations are denied. To the extent that such allegations are directed to other defendants or potential defendants, AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

5. To the extent that the allegations contained in paragraph 5 of the Complaint are directed to AirTran Airways, said allegations are denied. To the extent that such allegations are directed to other defendants or potential defendants, AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

## AS TO COUNT ONE

6. AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore such allegations are denied.

7. AirTran Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore such allegations are denied.

8. AirTran Airways denies the allegations contained in paragraph 8 of the Complaint.

9. AirTran Airways denies the allegations contained in paragraph 9 of the Complaint.

**WHEREFORE,** AirTran Airways prays for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding AirTran Airways its fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim against AirTran Airways upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, fails to set forth facts that give rise to a claim against AirTran Airways.

### THIRD DEFENSE

Plaintiff's Complaint must be dismissed for improper venue.

## FOURTH DEFENSE

Plaintiff's Complaint must be dismissed for lack of in personam jurisdiction.

## FIFTH DEFENSE

AirTran Airways is not liable to Plaintiff because AirTran Airways complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## SIXTH DEFENSE

Any and all injuries and damages of which Plaintiff complains were caused by the separate, independent and/or negligent actions or inactions of third parties over whom AirTran Airways exercised no control.

## SEVENTH DEFENSE

Any and all injuries and damages of which Plaintiff complains were caused by the separate, independent and/or negligent actions or inactions of Plaintiff.

## EIGHTH DEFENSE

The injuries and damages claimed by Plaintiff, if any, resulted from a new and independent, unforeseeable, intervening or superseding cause and/or causes, and any act or omission on the part of AirTran Airways was not the proximate and/or competent producing cause of such alleged injuries.

## NINTH DEFENSE

The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of AirTran Airways, its agents, or employees.

## TENTH DEFENSE

AirTran Airways and its agents and employees acted reasonably and with due care at all times relevant to the events and circumstances from which Plaintiff's claims allegedly arise.

-5-

**ELEVENTH DEFENSE**

Plaintiff's alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by AirTran Airways.

**TWELFTH DEFENSE**

AirTran Airways violated no duty, if any, owed to Plaintiff.

**THIRTEENTH DEFENSE**

Inasmuch as the liability of AirTran Airways, if any, and the right of Plaintiff to recover in this litigation, if any, can only be determined after the percentages of fault of all parties to the incident complained of are determined, whether or not parties to this litigation, AirTran Airways demands an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

**FOURTEENTH DEFENSE**

Plaintiff was guilty of contributory or comparative negligence in failing to exercise due and proper care under the existing circumstances and conditions.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by laches, statute of limitations, waiver and/or estoppel.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of the known risks of her conduct.

**SEVENTEENTH DEFENSE**

Plaintiff's recovery may be barred and/or limited by Plaintiff's failure to mitigate any damages allegedly sustained.

### EIGHTEENTH DEFENSE

Any award or judgment rendered in favor of Plaintiff must be reduced by the amount of any benefits Plaintiff has received, or are entitled to receive, from any source, pursuant to *N.J.S.A.* § 2A:15-97.

### NINETEENTH DEFENSE

Plaintiff's claims based on common law or statutory law are preempted by Federal law, including but not limited to the Airline Deregulation Act of 1978, 49 U.S.C. App. § 1305, *et seq*.

### TWENTIETH DEFENSE

Plaintiff's claims are barred or, in the alternative, the damages, if any, that Plaintiff may otherwise recover in this action are limited in accordance with the provisions of the Comparative Negligence Act, *N.J.S.A.* § 2A:15-5.1, et seq. or other applicable comparative negligence statutes.

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against AirTran Airways for costs, interest and attorney's fees.

### TWENTY-SECOND DEFENSE

Plaintiff has failed to serve and/or join all necessary and indispensable parties required for the just adjudication of this matter.

### TWENTY-THIRD DEFENSE

The alleged damages or injuries were the result of unavoidable circumstances that could not have been prevented by any person, including AirTran Airways.

-7-

## TWENTY-FOURTH DEFENSE

AirTran Airways adopts and incorporates by reference any affirmative or other defense asserted by any other defendant to this action to the extent such defense applies to AirTran Airways, and, further, gives notice that it reserves the right to amend its Answer to add any affirmative defenses as may be necessary based on information obtained during investigation or discovery.

**WHEREFORE,** AirTran Airways prays for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding AirTran Airways its fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## CROSSCLAIM FOR CONTRIBUTION

AirTran Airways demands contribution from the co-defendants and/or any other defendants or third party defendants hereafter named under the terms of the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A* § 2A:53A-1, *et seq*.

## CROSSCLAIM FOR INDEMNIFICATION

AirTran Airways demands indemnity from the co-defendants and/or any other defendants or third party defendants hereafter named.

## ANSWER TO ALL CROSSCLAIMS

AirTran Airways hereby denies all crossclaims for contribution and/or indemnification that have been asserted, or may be asserted, against them by the co-defendants and/or any other defendants or third party defendants hereafter named.


DATED:  March 24, 2006	REED SMITH LLP
	Attorneys for Defendant AirTran Airways, Inc.


	By:   */s/ Patrick E. Bradley*
		Patrick E. Bradley
		Gary J. Ruckelshaus
		Princeton Forrestal Village
		136 Main Street – Suite 250
		Princeton, New Jersey  08543-7839
		(609) 987-0050

-9-

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

I certify that to the best of my knowledge, information and belief the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                               */s/ Patrick E. Bradley*
                                                 Patrick E. Bradley

Date:   March 24, 2006